Christopher L. Rudd (SBN 130713)
    Email: *clrudd@c2lawgroup.com*
C2 LAW GROUP, P.C.
16255 Ventura Boulevard, Suite 925
Encino, CA 91436
Telephone: (310) 457-4072
Facsimile: (310) 359-0258
Attorneys for Plaintiff,
ELSA POLO and Proposed Plaintiff Class

Thomas J. Peistrup (SBN 213407)
    Email: *tpeistrup@ta-llp.com*
Michael S. Adler (SBN 190119)
    Email: *madler@ta-llp.com*
TANTALO & ADLER LLP
1901 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 734-8695
Facsimile: (310) 734-8696
Attorneys for Defendant,
INNOVENTIONS INTERNATIONAL, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA POLO, on behalf of herself and all others similarly situated | CASE NO.: CV 13-830 ABC (RNBx) |
| Plaintiff, | [Hon. Audrey B. Collins] |
| v. | CLASS ACTION |
| INNOVENTIONS INTERNATIONAL, LLC, a limited liability company; and DOES 1 through 10, inclusive, | **STIPULATION AND [PROPOSED] ORDER RE: PROTECTIVE ORDER** |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff

ELSA POLO ("Plaintiff") and Defendant INNOVENTIONS INTERNATIONAL, LLC ("Defendant"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action;

GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.  Generally, information and documents shall be designated where the Designating Party believes is proprietary, personal and private (such as private medical records), confidential, and/or is trade secret, and which the Designating Party would not publically release.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) Private medical records or information otherwise protected by personal privacy rights;

c) The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

d) Agreements with third-parties, including license agreements, distributor agreements, development agreements, supply agreements, sales agreements, or service agreements;

e) Research and development information;

f) Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

g) Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

h) Information related to internal operations including personnel information;

i) Information related to past, current and future product/service development;

j) Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

k) Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party.  Additionally, privacy interests must be safeguarded.  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

///

///

///

///

///

///

///

///

# PROTECTIVE ORDER

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Further, the protections conferred by this Stipulation and Order do not apply to evidence presented at any court hearings or proceedings.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

///

///

STIPULATED PROTECTIVE ORDER

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards. The Designating Party must designate for
protection only those parts of material, documents, items, or oral or written
communications that qualify – so that other portions of the material, documents,
items, or communications for which protection is not warranted are not swept
unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber or retard the case development process or
to impose unnecessary expenses and burdens on other parties) expose the
Designating Party to sanctions.
If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in
this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic
documents, but excluding transcripts of depositions), that the Producing Party affix
the legend "CONFIDENTIAL" to each page that contains protected material. If only
a portion or portions of the material on a page qualifies for protection, the Producing
Party also must clearly identify the protected portion(s) (e.g., by making appropriate

1   markings in the margins).

2       A Party or Non-Party that makes original documents or materials available for

3   inspection need not designate them for protection until after the inspecting Party has

4   indicated which material it would like copied and produced. During the inspection

5   and before the designation, all of the material made available for inspection shall be

6   deemed "CONFIDENTIAL." After the inspecting Party has identified the

7   documents it wants copied and produced, the Producing Party must determine which

8   documents, or portions thereof, qualify for protection under this Order. Then, before

9   producing the specified documents, the Producing Party must affix the

10  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a

11  portion or portions of the material on a page qualifies for protection, the Producing

12  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

13  markings in the margins).

14      (b)  for testimony given in deposition, that the Designating Party identify

15  on the record, before the close of the deposition, all protected testimony.

16      (c)  for information produced in some form other than documentary and

17  for any other tangible items, that the Producing Party affix in a prominent place on

18  the exterior of the container or containers in which the information or item is stored

19  the legend "CONFIDENTIAL." If only a portion or portions of the information or

20  item warrant protection, the Producing Party, to the extent practicable, shall identify

21  the protected portion(s).

22      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

23  failure to designate qualified information or items does not, standing alone, waive

24  the Designating Party's right to secure protection under this Order for such material.

25  Upon timely correction of a designation, the Receiving Party must make reasonable

26  efforts to assure that the material is treated in accordance with the provisions of this

27  Order.

28

STIPULATED PROTECTIVE ORDER

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  In accordance with L.R. 37-1, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, describing the basis for each challenge and requesting a pre-filing conference of counsel within ten (10) days. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in strict compliance with Civil Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement) within 21 days of the pre-filing conference of counsel set forth in L.R. 37-1.  Failure by the Designating Party to make such a motion including the required declaration within 21 days of the pre-filing

conference of counsel shall automatically waive the confidentiality designation for each challenged designation.  Similarly, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought by the Challenging Party hereunder must likewise comply with Civil Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement) and be filed within 21 days of the pre-filing conference of counsel set forth in L.R. 37-1.  Any Joint Stipulation brought hereunder, whether initiated by the Designating Party or the Challenging Party, shall comply with L.R. 79-5, if applicable.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective

1    Order.

2           (g)  the author or recipient of a document containing the information or a

3    custodian or other person who otherwise possessed or knew the information.

4    8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

5    IN OTHER LITIGATION

6           If a Party is served with a subpoena or a court order issued in other litigation

7    that compels disclosure of any information or items designated in this action as

8    "CONFIDENTIAL," that Party must:

9           (a)  promptly notify in writing the Designating Party. Such notification

10   shall include a copy of the subpoena or court order;

11          (b)  promptly notify in writing the party who caused the subpoena or order

12   to issue in the other litigation that some or all of the material covered by the

13   subpoena or order is subject to this Protective Order. Such notification shall include

14   a copy of this Stipulated Protective Order; and

15          (c)  cooperate with respect to all reasonable procedures sought to be

16   pursued by the Designating Party whose Protected Material may be affected.

17          Nothing in these provisions should be construed as authorizing or

18   encouraging a Receiving Party in this action to disobey a lawful subpoena issued in

19   another action.

20   9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

21   PRODUCED IN THIS LITIGATION

22          (a)  The terms of this Order are applicable to information produced by a

23   Non-Party in this action and designated as "CONFIDENTIAL." Such information

24   produced by Non-Parties in connection with this litigation is protected by the

25   remedies and relief provided by this Order. Nothing in these provisions should be

26   construed as prohibiting a Non-Party from seeking additional protections.

27          (b)  In the event that a Party is required, by a valid discovery request, to

28   produce a Non-Party's confidential information in its possession, and the Party is

1  subject to an agreement with the Non-Party not to produce the Non-Party's

2  confidential information, then the Party shall:

3         (1)  promptly notify in writing the Requesting Party and the Non-Party

4  that some or all of the information requested is subject to a confidentiality

5  agreement with a Non-Party;

6         (2)  promptly provide the Non-Party with a copy of the Stipulated

7  Protective Order in this litigation, the relevant discovery request(s), and a

8  reasonably specific description of the information requested; and

9         (3)  make the information requested available for inspection by the

10  Non-Party.

11      (c)  If the Non-Party fails to object or seek a protective order from this

12  court within 14 days of receiving the notice and accompanying information, the

13  Receiving Party may produce the Non-Party's confidential information responsive

14  to the discovery request. If the Non-Party timely seeks a protective order, the

15  Receiving Party shall not produce any information in its possession or control that is

16  subject to the confidentiality agreement with the Non-Party before a determination

17  by the court.  Absent a court order to the contrary, the Non-Party shall bear the

18  burden and expense of seeking protection in this court of its Protected Material.

19  10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

20      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

21  Protected Material to any person or in any circumstance not authorized under this

22  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

23  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

24  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

25  persons to whom unauthorized disclosures were made of all the terms of this Order,

26  and (d) request such person or persons to execute the "Acknowledgment and

27  Agreement to Be Bound" that is attached hereto as Exhibit A.

28

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" (including any Joint Stipulation filed pursuant to the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

///
///
///
///
///
///
///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER

contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

C2 LAW GROUP, P.C.

Dated:   January 4, 2014                    By:   _____

CHRISTOPHER L. RUDD
Attorneys of Plaintiff Elsa Polo
and Proposed Plaintiff Class

TANTALO & ADLER LLP

Dated:   January 4, 2014                    By:   _____

THOMAS J. PEISTRUP
MICHAEL S. ADLER
and Proposed Plaintiff Class
Attorneys of Defendant,
Innoventions International, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 06, 2014               _____

ROBERT N. BLOCK
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of ELSA POLO, on behalf of herself and all others similarly situated, Plaintiff v. INNOVENTIONS INTERNATIONAL, LLC, a limited liability company; and DOES 1 through 10, inclusive, Defendants, Case No.:  CV 13-830 ABC (RNBx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____City/State where sworn/signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER