UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | | Date | May 1, 2014 |
|---|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | | |

| Present: The Honorable | Audrey B. Collins, District Court Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:               Attorneys Present for Defendants:

              None                                                                             None

**Proceedings:**        ORDER **GRANTING** MOTION FOR SUMMARY JUDGMENT
                                    (In Chambers)

      Pending before the Court is Defendant Innoventions International, LLC's ("Defendant") Motion for Summary Judgment ("Motion," docket no. 61). Plaintiff Elsa Polo ("Plaintiff") filed an Opposition and Defendant filed a Reply. The Court will decide the Motion without oral argument and therefore **VACATES** the hearing set for May 5, 2014. See Fed. R. Civ. P. 78, Local Rule 7-15. For the following reasons, the Court **GRANTS** the Motion.

**I. BACKGROUND**

      Plaintiff Elsa Polo ("Plaintiff") is suing Defendant Innoventions International, LLC ("Defendant"), for claims related to Defendant's dietary supplement DiabeStevia. Third Amended Complaint ("TAC") ¶ 1. Plaintiff's Third Amended Complaint asserts six class claims and three individual claims. Her class claims are: (1) violation of the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq.; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. C. § 1750 et seq.; (3) violation of the unfair competition law, Cal. Bus. & Prof. C. § 17500 et seq.; (4) false advertising in violation of Cal. Bus. & Prof. C. § 17500 et seq.; (5) breach of express warranty, Cal. Civ. C. § 1791.2; and (6) breach of implied warranty, Cal. Civ. C. § 1791.1. Plaintiff's individual claims are: (7) for personal injury/negligence; (8) breach of implied warranty; and (9) breach of express warranty.

      Plaintiff alleges that she has Type 2 diabetes, that she purchased DiabeStevia for treatment of her diabetes, and that in reasonable reliance on infomercial advertising for DiabeStevia, she began taking DiabeStevia instead of her prescription medications to treat her diabetes. TAC ¶ 3.[1] Plaintiff claims that

---

[1] "Plaintiff is a Type 2 diabetic. Plaintiff purchased DiabeStevia from Defendant for treatment of her diabetes and, in reasonable reliance on the advertising for DiabeStevia, rather than taking her previously prescribed medications, . . . began using DiabeStevia to treat her diabetes. As a proximate result thereof, plaintiff became extremely ill and required hospitalization for life-threatening injury."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | Date | May 1, 2014 |
|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | |

as a result, she became extremely ill and required hospitalization.  SAC ¶¶ 3-4, 26-29.  All of Plaintiff's claims are based on the foregoing allegations.  She seeks damages, restitution, disgorgement, and injunctive relief, along with punitive damages and attorneys' fees.

Defendant moves for summary judgment on the ground that Plaintiff lacks standing: during discovery, Plaintiff admitted that she does not have diabetes, and that she stopped taking her prescription medication for diabetes at least five months before purchasing DiabeStevia.  Defendant contends that, based on these admissions, Plaintiff lacks standing because she cannot show injury and causation.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Once the moving party satisfies its initial burden, the adverse party must set forth specific facts showing that there is a genuine issue for trial.  S. Cal. Gas Co., 336 F.3d at 888 ("[The non-moving party] can defeat summary judgment by demonstrating the evidence, taken as a whole, could lead a rational trier of fact to find in its favor.") (citations omitted).

Both the moving party and the adverse party must support their factual positions by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot product admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

An issue of fact is genuine if it reasonably can be resolved in  favor of either party.  Anderson, 477 U.S. at 250-51.  "[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992).  Rather, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  However, the court must view the evidence presented "through the prism of the substantive evidentiary burden."  S. Cal. Gas Co., 336 F.3d at 254.

But "mere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment.  Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989).  The "existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247-48.  The "opponent must do more than simply show there is some

---

TAC ¶ 3.  See also TAC ¶¶ 19-22, 92, 96-97.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | Date | May 1, 2014 |
|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | |

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### III.  DISCUSSION

**A.  Undisputed Facts**

All of the following facts are taken from Defendant's Statement of Undisputed Facts ("SUF," docket no. 62-1). Although Plaintiff submitted a Separate Statement of Disputed Facts ("SS," docket no. 65-4), it does not directly respond to the facts presented in the SUF but instead lists 12 questions that Plaintiff contends represent disputed material facts that require denial of the Motion. These questions do not correspond to the facts in the SUF, and as such, the SS is in effect non-responsive to the SUF. Under Local Rule 56-3, "the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are . . . included in the 'Statement of Genuine Disputes'". Local Rule 56-3. The Court has reviewed the evidence cited in the SUF and finds that the facts are well-supported. As such, the Court concludes that the following facts are material and undisputed:

1. Plaintiff does not have diabetes. [Polo Resp. to Spec. Int. No. 4 (Ex. 1 to Dec. of T. Peistrup ("Peistrup Dec.") at 5:20); Polo Resp. to RFA 4 (Ex. 2 to Peistrup Dec. at 2:27-3:1); Polo Resp. to RFA 5 (Ex. 2 to Peistrup Dec. at 3:11-12).]

2. Plaintiff had not used any diabetes medication for at least five months prior to purchasing and using DiabeStevia. [Polo Resp. to Spec. Int. No. 1 (Ex. 1 to Peistrup Dec. at 2:20-21); Polo Resp. to Request for Admission ("RFA") No. 4 (Ex. 2 to Peistrup Dec. at 2:25-27).]

3. The television commercial upon which Plaintiff claims to have relied in (1) making her purchase of DiabeStevia; and, (2) discontinuing the use of her diabetes medication and declining to seek medical care for her diabetic condition, aired no earlier than two weeks prior to Plaintiff's purchase on November 14, 2011. [TAC ¶¶ 19, 21.]

4. The only "money or property" that Plaintiff has put at issue is the money she spent buying DiabeStevia. [See Polo First Amended Resp. to Spec. Int. No. 1 (Ex. 3 to Peistrup Dec. at 4).]

5. Plaintiff made a single purchase of DiabeStevia, with the transaction taking place on November 14, 2011. [Mendoza Dec. ¶ 4 & Ex. 1; TAC ¶ 7.]

6. On May 11, 2012, Plaintiff received a complete refund of all out-of-pocket costs incurred in connection with her purchase of DiabeStevia. [Declaration of Rigoberto Gómez Mendoza ("Mendoza Dec.") ¶¶ 5-7 & Ex. 1-2; Polo Resp. to RFA No. 1 (Ex. 2 to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | Date | May 1, 2014 |
|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | |

      Peistrup Dec. at 1:20-21).]

7. Plaintiff first filed suit on November 29, 2012, in the Superior Court of the State of California, County of Los Angeles. [Notice of Removal, Dkt 2, ¶ 1.]

8. Innoventions never manufactured DiabeStevia and does not have the capability to do so. [Mendoza Dec. ¶ 9.]

9. Innoventions ceased its distribution of DiabeStevia in April 2012. [Mendoza Dec. ¶ 9; TAC ¶ 4.]

**B.**    **Plaintiff Lacks Standing to Pursue Her Claims.**

      To pursue a claim in a federal court, a plaintiff bears the burden of establishing that she has suffered an "injury in fact" and thus has Article III standing. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006). Article III standing consists of three elements: (1) a "distinct and palpable" injury (injury), (2) a "fairly traceable causal connection" between that injury and the challenged conduct of the defendant (causation), and (3) a "substantial likelihood" that the relief requested will redress or prevent the injury (redressability). McMichael v. Napa County, 709 F.2d 1268, 1270 (9th Cir. 1983) (quotation marks and citations omitted). The elements of Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Article III standing requirements apply to state claims pursued in federal court. Cantrell v. City of Long Beach, 241 F.3d 674, 683-84 (9th Cir. 2001) (finding minimal standing requirement of California statute not a sufficient legal interest to support Article III standing). To withstand a motion summary judgment for lack of standing, a plaintiff cannot rely on mere allegations but rather must "'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." Lujan, 504 U.S. at 561 (citation omitted) (quoting Fed.R.Civ.P. 56(e)).

      As noted above, Plaintiff's allegations that she suffers from diabetes and that she stopped taking prescription diabetes medication and instead took DiabeStevia as a substitute are, together, the factual predicate of each and every one of Plaintiff's claims. If Plaintiff does not have diabetes, then she cannot have been injured in the manner in which she alleges – that she became severely ill with diabetes symptoms in response to discontinuing her prescriptions in reliance on DiabeStevia. Similarly, if Plaintiff stopped taking her prescription diabetes medication more than five months before she learned of DiabeStevia, then her alleged injury – hospitalization because she stopped taking the prescriptions – was not caused by DiabeStevia. Plaintiff's admissions that she is not diabetic and that she stopped taking her diabetes prescriptions at least five months before seeing ads for DiabeStevia foreclose her from proving the injury she has alleged, and from proving causation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | Date | May 1, 2014 |
|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | |

Notably, Plaintiff's plea for restitution is moot because it is undisputed that Defendant already refunded Plaintiff her entire purchase price, including tax and shipping. Plaintiff asserts that the refund does not strip her of standing to pursue the CLRA claims because California courts have recognized a relaxed standing requirement for such claims. However, it is black-letter law that weaker state law standing requirements cannot displace Article III standing requirements, even for state law claims in federal court. See Cantrell v. City of Long Beach, 241 F.3d 674, 683-84 (9th Cir. 2001) ("California's lenient taxpayer standing requirements do not relieve the birdwatchers of the obligation to establish a direct injury under the more stringent federal requirements for state and municipal taxpayer standing"). Thus, Plaintiff's reliance on California standing law is unavailing.

Plaintiff also argues that, despite her admissions in discovery that she does not have diabetes, she actually may have type 2 diabetes, but is asymptomatic. See Polo Decl. 4. Even assuming, however, that Plaintiff could overcome the sham affidavit rule, Plaintiff does not deny that she stopped taking her prescription medication about five months before learning about DiabeStevia. Thus, the causation linchpin of Plaintiff's claims – that she stopped taking her diabetes prescriptions because of DiabeStevia – is disproven by the evidence. Thus, even if there is a triable issue of fact about whether Plaintiff has diabetes, her claims still fail because DiabeStevia was not the reason she stopped taking her diabetes medication.

Plaintiff also attempts to change the entire gravamen of her claims, stating that she was harmed by DiabeStevia directly, and not just because she stopped taking her prescriptions. However, Plaintiff's complaint simply does not allege that she was directly harmed by DiabeStevia. Plaintiff apparently asserted that theory in a complaint to the FDA, see Def.'s Memo re: Motion to Dismiss FAC (docket no. 8-1), 6:17-24, but this is not the theory of harm she has alleged in her TAC. The Court rejects this surreptitious attempt to amend the complaint yet again, and at summary judgment. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292-93 (9th Cir. 2000) (plaintiff could not proceed after close of discovery and at summary judgment with new theory not pled in complaint).

Finally, Plaintiff seeks to delay judgment under Rule 56(d), claiming she needs additional discovery. Plaintiff has not satisfied Rule 56(d)'s requirement that she "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff's counsel's states only that Plaintiff is seeking a chemical assay of DiabeStevia, and that the depositions of Defendant's Person Most Knowledgeable and of Plaintiff's doctor remain to be taken, but does not explain how information gleaned therefrom would be material to the issues raised in the Motion. See Rudd Decl. Indeed, Plaintiff's admission about her own behavior – that she stopped taking her prescription diabetes medication five months before seeing the DiabeStevia infomercial – is dispositive and renders any outstanding discovery completely irrelevant.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-830-ABC (RNBx) | Date | May 1, 2014 |
|---|---|---|---|
| Title | Elsa Polo v. Innoventions International LLC., et al. | | |

### VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. Defendant is **ORDERED** to file a Proposed Judgment within ten (10) days of the issuance of this Order.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ljw for AB | |